COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-438-CV

 

 

MARK A. SALMONS                                                            APPELLANT

 

                                                   V.

 

DEWAYNE SALMONS,
INDIVIDUALLY                                     APPELLEES

AND AS EXECUTOR OF THE
ESTATE 

OF DEWEY CARL SALMONS;
AND 

CARLA ELAINE SALMONS
VINCENT

                                                                                                        

                                              ------------

 

               FROM PROBATE
COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Mark A. Salmons is attempting to appeal
the trial court=s October 24, 2007 order
granting appellees= motion for summary
judgment.  Appellant=s notice
of appeal was due November 25, 2007, but it was not filed in the trial court
until November 28, 2007.  See Tex. R. App. P. 26.1.








On December 19, 2007, the court notified
appellant that it was concerned that it may not have jurisdiction over the
appeal because the notice of appeal was not timely filed.  The court informed appellant that unless he
or any party desiring to continue the appeal filed by December 31, 2007, a
response either showing a reasonable explanation for the late filing of the
notice of appeal or advising the court that the notice of appeal was properly
mailed on or before the due date, the appeal would be dismissed for want of
jurisdiction.  We have received no
response.

The times for filing a notice of appeal are
jurisdictional in this court, and absent a timely filed notice of appeal or an
extension request, we must dismiss the appeal. 
See Tex. R. App. P.
25.1(b), 26.3; Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997)
(holding that once extension period has passed, a party can no longer invoke an
appellate court=s jurisdiction).  The rules of appellate procedure allow us to extend
the time to file a notice of appeal if the party files its notice of appeal
within fifteen days after the deadline and files a motion that reasonably
explains the need for an extension.  See
Tex. R. App. P. 10.5(b)(2),
26.3.  








A motion for extension of time is necessarily
implied when an appellant acting in good faith files a notice of appeal beyond
the time allowed by rule 26.1 but within the fifteen‑day period in which
the appellant would be entitled to move to extend the filing deadline under
rule 26.3.  See Verburgt, 959
S.W.2d at 617; see also Tex. R.
App. P. 26.1, 26.3.  Even when a
motion for extension is implied, however, it is still necessary for the
appellant to reasonably explain the need for an extension.  See Verburgt, 959 S.W.2d at 617.  Because appellant=s notice
of appeal was untimely and he did not provide a reasonable explanation for
needing an extension of time to file even after being given the opportunity to
do so, we dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a), 43.2(f).

 

PER
CURIAM

 

PANEL D:   MCCOY,
J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DELIVERED: February 7,
2008











[1]See Tex. R. App. P. 47.4.